UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-902 PA (DSRx) | Date | March 5, 2026 |
|---|---|---|---|
| Title | A.G. v. Fereti Semaia, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is an Ex Parte Application for Temporary Restraining Order ("TRO Application") filed by petitioner A.G. ("Petitioner")[1] (Docket No. 5). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

**I.   Factual and Procedural Background**

Petitioner, who is represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition") on February 11, 2026. The Petition names as respondents Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS"), Pamela Bondi, Attorney General of the United States, Fereti Semaia, warden of United States Immigration and Customs Enforcement's ("ICE") Adelanto Detention Facility, and other officers of ICE (collectively "Respondents"). According to the Petition, ICE detained Petitioner on February 5, 2026, and is holding him at the Adelanto Detention Facility. Petitioner filed his first TRO Application on March 2, 2026. Respondents filed an Opposition on March 4, 2026.

Petitioner is a citizen of Armenia who was first admitted into the United States in 2003 as a visitor. In 2012, Petitioner was convicted of conspiracy to defraud the United States and access device fraud in the United States District Court for the Western District of Missouri and sentenced to 27 months of imprisonment. Petitioner was detained by Customs and Border Protection at John F. Kennedy International Airport in 2014 on an outstanding warrant arising out of his criminal conviction. Petitioner was transferred to ICE custody after being released

---

[1] According to the Petition, Petitioner "will move this Court for leave to proceed under a pseudonym (using the initials A.G.)." To date, Petitioner has not sought leave to proceed under a pseudonym as required by Federal Rule of Civil Procedure 17(a)(1). However, because respondents know the identity of A.G., the Court will proceed to resolve the TRO Application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-902 PA (DSRx) | Date | March 5, 2026 |
|---|---|---|---|
| Title | A.G. v. Fereti Semaia, et al. | | |

from the Bureau of Prisons in December 2015.  On July 18, 2016, an Immigration Judge found A.G. barred from asylum because of his aggravated felony conviction and ordered A.G. removed, but withheld removal to Armenia.  Petitioner was released on an Order of Supervision ("OSUP") on July 19, 2016.  ICE detained Petitioner on February 5, 2026, during a routine check-in.  Although the Petition alleges that Petitioner was not provided with an explanation for his detention or an opportunity to respond, documents supplied in support of Respondents' Opposition indicate that ICE provided Petitioner with a Notice of Revocation of Release indicating the reasons for the detention and an informal interview on the date of his detention.

The Petition seeks relief pursuant to 28 U.S.C. § 2241.  In his Motion for TRO, Petitioner seeks his immediate release from detention, and an injunction preventing Respondents from relocating Petitioner outside of this judicial district or removing him from the United States pending final resolution of his Petition.

**II.     Legal Standard**

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  Id. at 24.  The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test.  All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met.  Id. (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)).  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-902 PA (DSRx) | Date | March 5, 2026 |
|---|---|---|---|
| Title | A.G. v. Fereti Semaia, et al. | | |

### III. Analysis

Under the INA, a noncitizen subject to a final order of removal is generally detained during a 90-day "removal period." See 8 U.S.C. § 1231(a)(1)(A). Detention during this period is typically mandatory. See 8 U.S.C. § 1231(a)(2). After that time, detention is within ICE's discretion under 8 U.S.C. § 1231(a)(6). In Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), the Supreme Court held that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention. Instead, the Court interpreted the statute in light of constitutional due process concerns and established a presumptive six-month limit on post-order detention. After that period, if the noncitizen shows "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing. Id. at 701, 121 S. Ct. at 2505.

Upon release from custody, a noncitizen subject to a final order of removal must comply with certain conditions of release. See 8 U.S.C. § 1231(a)(3) & (6). The revocation of that release is governed by 8 C.F.R. § 241.13(i), which authorizes ICE to revoke a noncitizen's release for purposes of removal. ICE may revoke a noncitizen's release and return them to ICE custody due to failure to comply with any of the conditions of release or if, "on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 U.S.C.§ 241.13(i).

Here, Petitioner does not challenge the validity of his final removal order or that 8 U.S.C. § 1231(a)(6) governs his detention. However, Petitioner argues that he should be released from his current detention because, among other reasons, he was not provided notice of the reasons for his re-detention or an opportunity to challenge the detention, and removal to a third country is unlawful.

Although the Court acknowledges that other District Court's have concluded otherwise, the Court nevertheless concludes that on the facts before it, Petitioner has not met his burden to establish a likelihood of success on the merits on his claims to justify preliminary injunctive relief. At least on this record, and without a showing that removal to a third country is imminent, the issues raised by Petitioner can be resolved through consideration of the Petition, rather than on the expedited basis of the TRO Application. Nor do Petitioner's allegations that Respondents have not provided him with all of the procedures outlined in 8 C.F.R. § 241.13(i)(3), even if true, support Petitioner's immediate release. See, e.g., Doe v. Smith, Case No. 18-cv011363 FDS, 2018 WL 4696748, at *9 (D. Mass. Oct. 1, 2018) ("[E]ven assuming that the initial informal interview was not given until [approximately one month after petitioner's detention began], it is difficult to see an actionable injury stemming from such a violation. Doe

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-902 PA (DSRx) | Date | March 5, 2026 |
|---|---|---|---|
| Title | A.G. v. Fereti Semaia, et al. | | |

is not challenging the underlying justification for the removal order (although she seeks to reopen the proceeding). Nor is this a situation where a prompt interview might have led to her immediate release—for example, a case of mistaken identity. There is thus no apparent reason why a violation of the regulation, even assuming it occurred, should result in release.").

For these reasons, the Court concludes that Petitioner has failed to establish a likelihood of success on the merits on his claims to justify the injunctive relief he seeks. The Court concludes for the same reasons that Petitioner has not met his burden to establish that the balance of equities tip in his favor or that an injunction is in the public interest. Therefore, despite Petitioner's showing of irreparable harm, the Court concludes that Petitioner is not entitled to injunctive relief at this time.

## Conclusion

For all of the foregoing reasons, the Court denies Petitioner's TRO Application.

IT IS SO ORDERED.