UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   ED CV 26-902 PA (DSR)                                      Date: April 9, 2026

Title        A.G. v. Fereti Semaia, et al.


Present: The Honorable:   Daniel S. Roberts, United States Magistrate Judge

|  L. Krivitsky  |  n/a  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |


**Proceedings:**          (IN CHAMBERS) ORDER SETTING BRIEFING SCHEDULE ON
PETITIONER'S MOTION FOR LEAVE TO FILE DOCUMENTS
UNDER SEAL AND MOTION TO PROCEED BY PSEUDONYM
(DOC. NO. 10) AND REQUIRING ANSWER TO PETITION

**BACKGROUND**

Petitioner filed his Petition for Writ of Habeas Corpus on February 25, 2026.  See Doc.
No. 1.  On March 2, 2026, Petitioner filed an Ex Parte Application for Temporary Restraining
Order ("TRO").  See Doc. No. 5.  On March 4, 2026, counsel for Respondents filed a Notice of
Appearance as well as an Opposition to Petitioner's Ex Parte Application for TRO.  See Doc.
Nos. 7, 8.  On March 6, 2026, Judge Anderson entered an Order denying Petitioner's request for
a TRO, finding that "without a showing that removal to a third country is imminent, the issues
raised by Petition can be resolved thorough consideration of the Petition, rather than on the
expedited basis of the TRO Application."  See Doc. No. 9.

The next day, March 6th, Petitioner filed two motions, each seeking different relief, albeit
within the same docket entry.  The first request addresses Petitioner's desire to seal documents in
the Court's file on this case.  Specifically, Petitioner asks both for leave to file under seal a
Motion for Leave to Proceed Under Pseudonym and for an Order sealing exhibits filed by
Respondents with their Opposition to Petitioner's Ex Parte Application for TRO.  See Doc. No.
10.  Attached to that Motion, and therefore already filed in the public record, however, is

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   ED CV 26-902 PA (DSR)                                      Date: April 9, 2026

Title   A.G. v. Fereti Semaia, et al.

Petitioner's "Notice of Motion and Motion to Proceed Pseudonymously."  See Doc. No 10-2.
Thus, what Petitioner really wants is an Order sealing documents that have already been filed in
the public record.

### PETITIONER'S MOTIONS TO SEAL AND TO PROCEED BY PSEUDONYM

When Petitioner filed his Motions (both to seal and to proceed by pseudonym) on Friday,
March 6th, he noticed them for hearing on Monday, March 9th before Judge Anderson.  This
case, however, is referred to the assigned Magistrate Judge for a Report and Recommendation
pursuant to General Order 05-07.  See Doc. No. 4.  Only the TRO application was before Judge
Anderson pursuant to that General Order.  Moreover, the three-day notice of those Motions was
insufficient under Local Civil Rule 6-1, which requires 28 days' notice of motion, unless
otherwise ordered by the Court.  The end result is that Respondents did not have a deadline to
respond to the Motions, and have not done so.

The Court also notes that Petitioner's Motion to Seal does not comply with Local Rule
79-5, setting forth the procedures to file documents under seal, or even address the applicable
legal standard to overcome the presumption of public access to court records.  See Nixon v.
Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Pintos v. Pac. Creditors Ass'n, 605 F.3d 665,
677 (9th Cir. 2010).  Petitioner states only that his grounds for such sealing the documents that
are relief "is the same reasoning already laid out for the Court in the Pseudonym Motion."  That
"Pseudonym Motion," however, does not itself address the legal standard to seal documents in
the Court file.

Therefore, the Court hereby ORDERS as follows with regard to Petitioner's Motions:
(1)  No later than **April 17, 2026**, Petitioner shall file supplemental points and authorities in
support of his request to seal documents in the Court file to address the presumption of public
access to court records and how Petitioner contends he can overcome that presumption; (2) No
later than **April 24, 2026**, Respondents shall file either Oppositions or Notices of Non-
Opposition to both Petitioner's pending Motions; and (3) Petitioner may file an optional Reply to
Respondents' Opposition to either or both such motions no later than **May 1, 2026**.  Both
Motions will be taken under submission effective May 4, 2026.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   ED CV 26-902 PA (DSR)                                    Date: April 9, 2026

Title      A.G. v. Fereti Semaia, et al.

**RESPONSENTS' ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**
In addition, the Court notes that though Respondents filed Opposition to the Ex Parte Application for TRO, they have not yet answered the Petition.  Therefore, the Court further orders as follows in regard to Respondents' response to the Petition:

Respondents shall file an Answer to the habeas Petition no later **April 24, 2026**.  Any arguments that the Petition should be dismissed shall be made in the Answer and not by separate Motion.  **Failure to address in the Answer each claim asserted in the Petition may be treated as conceding that Petitioner is entitled to the relief sought, or at least that the factual allegations in the petition are true.**  At the time the Answer is filed, Respondents shall electronically lodge with the Court all records bearing on the merits of Petitioner's claims.  The Court may issue a subsequent Order for the lodging of a paper copy of a lodgment if the lodgment is not usable in its electronic format.  The Answer shall also specifically address the necessity for an evidentiary hearing to resolve any issue.  In light of the pendency of Petitioner's Motion to Proceed by Pseudonym, Respondents shall redact from their Answer and any documents filed in support thereof any references to Petitioner's true name and his A-number.

Any Reply shall be filed no later than **May 1, 2026**.  Any Reply filed by Petitioner shall (a) state whether Petitioner admits or denies each allegation of fact contained in the Answer; (b) be limited to facts or arguments responsive to matters raised in the Answer; and (c) not raise new grounds for relief that were not asserted in the Petition.  The Court will not consider grounds for relief raised for the first time in the Reply.  **The Reply shall not exceed ten (10) pages in length absent advance leave of Court for good cause shown**.  The Petition will stand submitted for final disposition effective May 4, 2026.  No hearing will be held unless the parties are notified by the Court.

During the pendency of these proceedings, Respondents shall provide at least two court days' notice to the Petitioner, Petitioner's counsel, and the Court of its intent to remove the Petitioner from the Central District of California.

**IT IS SO ORDERED.**

|   |   : |
|---|---|
| **Initials of Preparer** | LK |