UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00902-DSR Date: September 8, 2026

Title A.G. v. FERETI SEMAIA, ET AL.

Present: The Honorable: Daniel S. Roberts, United States Magistrate Judge

| L. Krivitsky | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER REQUIRING FURTHER BRIEFING**

On February 25, 2026, Petitioner A.G. ("Petitioner") filed a Petition for Writ of Habeas Corpus challenging his ongoing post-removal-order detention by U.S. Immigration and Customs Enforcement ("ICE"). See Doc. No. 1. The gravamen of the Petition challenges the failure of Respondents to afford Petitioner the statutorily and constitutionally demanded process in revoking his Order of Supervision. See generally Pet.

On August 6, 2026, Petitioner filed a "Motion to Expedite" a ruling on his habeas petition and a Memorandum of Points and Authorities in Support thereof. See Doc. No. 28. Therein, Petitioner contends that because the duration of his post-removal-order detention now exceeds 180 days and there is no significant likelihood that his removal from the United States will occur in the reasonably foreseeable future, his detention has become unreasonably prolonged under Zadvydas v. Davis, 533 U.S. 678 (2001). See generally Doc. No. 28-1.

It is usually improper for a party to raise a new claim for the first time in a reply or traverse. See U.S. ex rel. Giles v. Sardie, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citing Lujan v. National Wildlife Federation, 497 U.S. 871, 894-95 (1990)) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers); see also State of Nev. v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990) (permitting a party to raise a new argument for the first time in a reply "would be unfair to the Secretary, who has not had the advantage of briefing the issue. In declining to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00902-DSR Date: September 8, 2026

Title A.G. v. FERETI SEMAIA, ET AL.

consider this argument, we follow '"[t]he general rule ... that appellants cannot raise a new issue for the first time in their reply briefs."'"). The same reasons caution against considering new arguments raised for the first time in Petitioner's Motion to Expedite.

The circumstances here are unusual, however, in that the Petition was filed before the six-month presumptively reasonable period for post-removal-order detention set forth in Zadvydas had elapsed. See Zadvydas, 533 U.S. at 701. Petitioner, therefore, was incapable of asserting any claim to relief under Zadvydas in his Petition. The Court construes Petitioner's assertion to relief under Zadvydas as an amendment to his Petition, which Respondents have not had the opportunity to address.

The Court therefore permits Respondents to file a supplemental Answer within seven days of the date of this Order in which they may address the arguments asserted in Petitioner's Motion to Expedite concerning Petitioner's entitlement to relief under Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner may then file an optional Reply, limited to the points raised in Respondents' Supplemental Answer, within three days of service of Respondents' Supplemental Answer. The Court will then again take the matter under submission on the basis of the supplemented briefing.

IT IS SO ORDERED.

:

**Initials of Preparer** LK