**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

A.G.,[1]

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

No. 5:26-cv-00902-DSR

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE**

## 1. INTRODUCTION AND PROCEDURAL BACKGROUND

On February 25, 2026, Petitioner A.G. ("Petitioner") filed a Petition for Writ of Habeas Corpus challenging his ongoing post-removal-order detention by U.S. Immigration and Customs Enforcement ("ICE"). See Doc. No. 1. The Petition names as Respondents the Warden of the Adelanto ICE detention facility where Petitioner is detained, the Director of the Los Angeles Field Office of ICE's Removal and Operations division, the Acting Director of ICE, the Secretary of the Department of Homeland Security, and the United States Attorney General, each in his or her official capacity (collectively "Respondents"). Id. at ¶¶ 16-20. The gravamen of the Petition challenges the failure of Respondents to afford Petitioner the statutorily and constitutionally demanded process in revoking his Order of Supervision. See generally Pet. On that basis, Petitioner seeks a Writ ordering

[1] On May 20, 2026, the Court granted Petitioner's Motion to Proceed by Pseudonym. See Doc. No. 19.

Respondents to release Petitioner from immigration custody immediately. Id. at prayer ¶ f.

Concurrently with filing the Petition, Petitioner filed an Ex Parte Application for a Temporary Restraining Order ("TRO Application"). See Doc. No. 5. On March 5, 2026, the District Judge to whom the case was then assigned denied Petitioner's TRO Application on the ground that Petitioner failed to demonstrate a likelihood of success on the merits of his OSUP revocation and third-country removal claims. In particular, he found that Petitioner did not demonstrate an entitlement to immediate release nor imminent third country removal necessitating temporary injunctive relief. See Doc. No. 9 at ECF pp. 3-4.

On April 9, 2026, the Court ordered the Clerk to serve on Respondents a copy of the Petition and ordered Respondents to answer the Petition. See Doc. No. 12. On April 27, 2026, Respondents filed their Answer. See Doc. No. 17. On May 5, 2026, Petitioner filed a Reply to Respondent's Answer. See Doc. No. 18.

On August 25, 2026, Petitioner voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all future proceedings in this case, including trial and entry of judgment. See Doc. No. 29. On August 27th, in light of the procedures for immigration habeas cases established in General Order 26-05 and the United States Attorney's Office's general consent thereunder to Magistrate Judges in immigration-related habeas cases, the District Judge issued an Order stating "the Court will deem the government to have consented to the Magistrate Judge's jurisdiction in this case unless it filed an objection within three days of the date of this order." Doc. No. 31 at p. 2. Respondents did not object, and on September 2nd, the District Judge approved the parties' consent to a Magistrate Judge. See Doc. Nos. 32, 33.

On August 6, 2026, Petitioner filed a "Motion to Expedite" a ruling on his habeas petition and a Memorandum of Points and Authorities thereof. See Doc. No. 28. Therein, Petitioner argued that because the duration of his post-removal

order detention by then exceeded 180 days and there is no significant likelihood that his removal from the United States will occur in the reasonably foreseeable future, his detention has become unreasonably prolonged under Zadvydas v. Davis, 533 U.S. 678 (2001). See generally Doc. No. 28-1.

Given that the Petition was filed before the six-month presumptively reasonable period for post-removal-order detention set forth in Zadvydas had elapsed, see 533 U.S. at 701, Petitioner was incapable of asserting such a claim in his original Petition, and Respondents therefore had not had a chance to respond to such a claim in their Answer. Thus, on September 8, 2026, the Court issued an Order which construed Petitioner's assertion to relief under Zadvydas as an amendment or supplement to his Petition based on this new factual development, and "permit[ted] Respondents to file a supplemental Answer within seven days … in which they may address the arguments asserted in Petitioner's Motion to Expedite concerning Petitioner's entitlement to relief under Zadvydas v. Davis, 533 U.S. 678 (2001)." See Doc. No. 34 at p. 2. That deadline passed has now passed, and Respondents have filed no such supplemental Answer. See generally Court Docket.

The Court has read and considered all papers filed by each side. For the reasons discussed below, the Court **GRANTS** the Petition for Writ of Habeas Corpus and orders that Respondents immediately release Petitioner from immigration custody, subject to supervision on the terms in place before he was most recently re-detained on February 5, 2026.

## 2. FACTUAL BACKGROUND

Petitioner is a native and citizen of Armenia. Pet at ¶ 15. Petitioner entered the United States on or about July 7, 2003, on a valid B-2 Visa with authorization to remain in the United States for a temporary period not to exceed three months. See Answer, Ex. "A" (Doc. No. 8-1 at 2). Petitioner has remained in the United States continuously since his entry. Pet at ¶ 22.

On December 8, 2008, the Department of Homeland Security ("DHS") issued Petitioner a notice to appear, which initiated removal proceedings before an Immigration Judge. See Doc. No. 25-1 at 2. On April 13, 2012, Petitioner was convicted of Conspiracy to Defraud the United States (18 U.S.C. § 371) and Access Device Fraud (18 U.S.C. § 1029(a)(5)) and sentenced to 27 months imprisonment. Id. at 3. On January 13, 2024, Petitioner was arrested by U.S. Customs and Border Protection on an outstanding warrant in connection with his criminal conviction. Id. On December 15, 2015, Petitioner was released from Bureau of Prisons custody and transferred to ICE custody. Id. On July 18, 2016, an Immigration Judge ("IJ") ordered Petitioner removed from the United States to Armenia. See Doc. No. 25-2 at 1. The IJ denied Petitioner's application for asylum, finding that Petitioner was statutorily barred from asylum because of his aggravated felony conviction. Id. at 2. However, the IJ granted Petitioner's application for withholding of removal under INA § 241(b)(3). Id. at 1. On or about July 19, 2016, Petitioner was released from ICE custody pursuant to an Order of Supervision ("OSUP"). Pet. at ¶ 24; Doc. No. 1-1.

On or about February 5, 2026, Petitioner appeared for a routine check-in with ICE, presumably pursuant to the terms of his OSUP. Pet. at ¶ 27. At that check-in, ICE re-detained Petitioner. Id. The Notice of Revocation of Release provided by Respondents states that Petitioner's release was revoked pursuant to 8 C.F.R. § 241.4(l) because "the purposes of release have been served," "ICE is seeking a travel document to effect [his] expeditious removal to a third country," and "[Petitioner's] case is under review for removal to an alternate country." See Doc. No. 25-3 at 1.

## 3. LEGAL STANDARD AND THE EXHAUSTION REQUIREMENT

Habeas relief extends to those who can show they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Congress has barred courts from reviewing certain

discretionary decisions concerning detention or release of noncitizens subject to removal proceedings, see 8 U.S.C. §§ 1226(e), 1252(g), federal courts retain jurisdiction to "review related 'constitutional claims or questions of law.'" Martinez v. Clark, 36 F.4th 1219, 1224 (9th Cir. 2022) (quoting Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011)), vacated on other grounds by ___ U.S. ___, 144 S. Ct. 1339, 218 L.Ed.2d 418 (2024). Petitioner makes such reviewable claims here, and Respondents do not contest the point.

Habeas petitioners seeking relief under 28 U.S.C. § 2241 generally must first exhaust all available administrative remedies. See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). However, because this requirement is "prudential" and not a "jurisdictional prerequisite," it is subject to waiver. Id. at 1045-46; Arango Marquez v. INS, 346 F.3d 892, 897 (9th Cir. 2003) ("[T]he district court properly waived exhaustion, because the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional."). Here, Respondents do not address the exhaustion requirement in their Answer. See generally Answer (Doc. No. 17). Thus, the Court finds that any failure by Petitioner to exhaust administrative remedies in this matter is not a bar to this Petition and therefore proceeds to consider the merits of the Petition.

## 4. DISCUSSION

### A. Legal Standard for Immigration Detention Following a Final Order of Removal

The Immigration and Nationality Act ("INA") establishes the procedures governing detention, release, and removal of noncitizens like Petitioner ordered removed from the United States. Title 8 U.S.C. § 1231(a) applies to detention following the entry of final order of removal. See Johnson v. Guzman Chavez, 594 U. S. 523, 533 (2021); Avilez v. Garland, 69 F.4th 525, 530 (9th Cir. 2023).

Under 8 U.S.C. § 1231(a)(1)(A), a noncitizen who has been ordered removed must be detained during the 90-day removal period following his order of removal

becoming "final." 8 U.S.C. § 1231(a)(1)(A); see also Johnson v. Arteaga-Martinez, 596 U.S. 573, 578 (2022). After the 90-day removal period, "the Government 'may' continue to detain an alien who still remains here or release that alien under supervision." Zadvydas v. Davis, 533 U.S. at 683 (2001) (quoting 8 U.S.C. § 1231(a)(6)). Section 1231(a)(6) includes an implicit limit on "an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States," however. Id. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. Recognizing constitutional concerns raised by such prolonged detention, the Supreme Court observed, "Congress previously doubted the constitutionality of detention for more than six months," and, therefore, "for the sake of uniform administration in the federal courts," the Court established a presumptively reasonable six-month period for post-removal-order detention. Id. at 701. This six-month period is a presumption, not a guarantee of release, and detention may continue so long as removal remains reasonably foreseeable. Id.

After the six-month period, the burden is on the noncitizen to show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id.; see also 8 C.F.R. § 241.13 (setting out procedures to determine whether there is a significant likelihood of removal pursuant to Zadvydas). If the noncitizen meets this burden, then the Government must "introduce evidence to refute that assertion" or release him or her. See 533 U.S. at 701. The noncitizen still "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id. Importantly, "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

**B. Petitioner's Lengthy Detention Awaiting Execution of His Final Order of Removal Now Violates Due Process, Entitling Him to Release**

Here, it is undisputed that Petitioner was ordered removed from the United States to Armenia on July 18, 2016 (see Doc. No. 25-2 at 1) and that he was released from immigration custody on an OSUP on or about July 19, 2016 (see Pet. at ¶ 24; Doc. No. 1-1). Furthermore, it is uncontested that Petitioner was re-detained on February 5, 2026, after his OSUP was revoked by Respondents (Pet. at ¶ 27) and that Petitioner has remained in immigration custody since that date (see Doc. No. 36 at 2:3-7). Even without aggregating Petitioner's earlier post-removal-order detention,[2] Petitioner has been detained for more than six months since his arrest on February 25th. The question now before the Court is whether Petitioner's removal is reasonably foreseeable. See Zadvydas, 533 U.S. at 701. Under Zadvydas, the detainee bears the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. If the detainee makes such a showing, the burden shifts to the Government to produce evidence sufficient to rebut that showing. Id.

Petitioner A.G. has met his burden of establishing good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. He points first to the fact that because he has been granted withholding of removal to Armenia (see Doc. 25-2 at 2), he cannot be removed there. See Doc. No. 36 at 4:3-4. Petitioner then argues that the record reflects Respondents have not yet (or at least have provided no evidence to the Court indicating that they have)

---

[2] The Court notes that, although not necessary for its instant analysis, district courts commonly aggregate the total period of post-removal-order detention for Zadvydas purposes. See e.g., Siguenza v. Moniz, No. 25-CV-11914-ADB, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the Zadvydas period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them.") (collecting cases); Phan v. Warden of Otay Mesa Det. Facility, 813 F.Supp.3d 1179, 1184-85 (S.D. Cal. 2025) (collecting cases).

identified a third country willing to accept him, provided him with an anticipated removal date, nor obtained the travel documents required to execute his removal. Id. at 4:6-14. The Court agrees with Petitioner's contention (see id. at 4:11-19) that the more than six months in immigration detention, coupled with the complete lack of documented progress in the removal of Petitioner, is sufficient to satisfy Petitioner's initial burden of demonstrating that removal is not significantly likely to occur in the reasonably foreseeable future.

The burden therefore shifts to Respondents to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Notwithstanding the Court's September 8, 2026, order permitting them the opportunity to address Petitioner's Zadvydas claim in light of the passage of time since his most-recent re-detention, Respondents did not file any supplemental Answer to rebut Petitioner's showing. See generally Court Docket. Considering that Petitioner has met his burden, and that Respondents have failed even to attempt a rebuttal, the Court finds that "there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Thus, the continued detention of Petitioner is "unreasonable and no longer authorized," id. at 680, and a Writ of Habeas Corpus should be issued ordering Petitioner's immediate release from immigration custody.[3]

## 5. CONCLUSION AND ORDER

Petitioner is presently in custody of Respondents in violation of the Constitution or laws or treaties of the United States; thus, a Writ of Habeas Corpus should issue pursuant to 28 U.S.C. § 2241 compelling his immediate release.

IT IS THEREFORE ORDERED that:

1. The Petition for Writ of Habeas Corpus is GRANTED.

[3] Given Petitioner's entitlement to immediate release on Zadvydas grounds, it is unnecessary to consider Petitioner's alternative claims.

2. Respondents shall immediately release Petitioner A.G. from custody, reinstate his release under supervision on the same conditions that were in place before his detention on February 5, 2026, and return any personal property and documents seized at the time of his detention;
3. Respondents shall also provide Petitioner with a copy of this Order at or near the time of release;
4. Within two days of the date of this Order, Respondents shall file a status report confirming Petitioner's release and the return of his personal property and documents.

IT IS SO ORDERED.

DATED: September 16, 2026

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE